J. Irwin Shapiro, J.
This is an application by the defendant in person “ to have in his possession law books necessary to his research in support of actions now pending before this Court and Kings County Court.” He admits that he was offered two books out of the nine requested by him but that he refused them. His contention is that he is entitled to have all of the books at one time.
In opposition there is submitted an affidavit by the Assistant Deputy Warden of the Department of Correction in which he states that the defendant “ made a request to be given nine volumes of law books for his use within this institution,” and that he “ was advised that two of the nine books would be given to him at any one time, for his use, and that the other books would be given to him two at a time as often and whenever he required them ’ ’, and that ‘ ‘ The defendant signed a slip refusing to accept two books at a time.” The Deputy Warden further avers that ‘ ‘ Space within the institution and the proper custody of the inmates therein, does not permit sufficient space for the *1025 use by tbe defendant of all nine books, without causing interference to other inmates.”
The proper running of custodial institutions is in the hands of those authorized by law. "While the court maintains jurisdiction over them to see that their conduct does not trespass upon the constitutional or statutory rights of the inmates, it does not warrant the court becoming a supersuperintendent over those authorities so long as their actions are within permissible limits.
If the defendant here could request 9 books at a time, he could request 90 books at a time and a similar request could be made by all of the other inmates. It is obvious that the number of books to be given to an inmate at one time must rest within the sound discretion of the custodial authorities. No prohibition was here put upon the number of books which the inmate could have in rotation, but the limitation of two at a time I cannot find was either arbitrary or unreasonable. The application is in all respects denied.
The Clerk of this court is directed to forward a copy of this memorandum and the short-form order entered herein to the movant at his present place of abode.